UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HATSUYO HARBORD,

    Plaintiff,

v.

MATTHEW BEAN, *et al.*,

    Defendants.

No. C17-349RSL

ORDER TO SHOW CAUSE

    This matter comes before the Court *sua sponte*. Proceeding *pro se*, plaintiff has filed a complaint alleging various tort causes of action arising from an earlier employment discrimination lawsuit that plaintiff filed several years ago. Dkt. # 1. Specifically, plaintiff sues his former attorney, the opposing party's attorney, and various defendants from that earlier case for "fraud, mistake, conditions precedent, official documents, special damage." Plaintiff's complaint also alleges discrimination by a number of Washington State Supreme Court clerks, apparently due to their failure to print certain documents, but plaintiff has not named those individuals as defendants.

    The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2)(B) and having construed the allegations of the complaint liberally, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), finds that plaintiff's complaint is deficient. Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff must allege sufficient facts to raise a plausible inference that he is entitled to relief. Although a complaint need not provide

ORDER TO SHOW CAUSE - 1

detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Plaintiff's complaint does not contain allegations sufficient to establish federal subject-matter jurisdiction over this case. Plaintiff's claims against the named defendants are all state-law claims, so for this Court to exercise jurisdiction over those claims, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States"). And while plaintiff's discrimination claim could conceivably seek relief under 42 U.S.C. § 1983, a federal cause of action, plaintiff's complaint does not allege facts supporting a plausible inference of discrimination. Plaintiff's allegations have failed to give rise to a plausible claim for relief.

For the foregoing reasons, plaintiff is hereby ORDERED TO SHOW CAUSE why the complaint should not be dismissed for failure to allege facts that give rise to a plausible inference that relief is warranted. Plaintiff shall, within twenty-eight (28) days of this order, file an amended complaint which remedies the deficiencies set forth above. If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed without prejudice. Plaintiff's motion for an extension of time (Dkt. # 4) is DENIED as moot.

The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for April 26, 2017.

DATED this 29th day of March, 2017.

                                       Robert S. Lasnik
                                       United States District Judge

ORDER TO SHOW CAUSE - 2