UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HATSUYO HARBORD,

    Plaintiff,

v.

MATTHEW BEAN, *et al.*,

    Defendants.

No. C17-349RSL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the motion to remand or dismiss of defendants Safeway, Inc., Mike Lagrange, Sue Bonnett, Ken Barnes, and Daniel P. Hurley (the "Safeway Defendants"). Dkt. # 8. Proceeding *pro se*, plaintiff filed a complaint alleging various tort causes of action arising from an earlier employment discrimination lawsuit that plaintiff filed several years ago. Dkt. # 1. Specifically, plaintiff sues her former attorney, the opposing party's attorney, and various defendants from that earlier case for "fraud, mistake, conditions precedent, official documents, special damage." Plaintiff's complaint also alleges discrimination by a number of Washington State Supreme Court clerks, apparently due to their failure to print certain documents.[1]

The Court, having reviewed the record as a whole under the standards articulated in 28

---

[1] Plaintiff did not initially name those court clerks as defendants, but has since requested leave to add them as defendants. See Dkt. ## 1, 22.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 1

1  U.S.C. § 1915(e)(2)(B) and having construed the allegations of the complaint liberally, see
2  Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), found that plaintiff's
3  complaint was deficient because it did not contain allegations sufficient to establish federal
4  subject-matter jurisdiction over this case.  Accordingly, the Court ordered plaintiff to file an
5  amended complaint within 28 days, remedying the jurisdictional deficiencies that the Court had
6  identified.  See Dkt. # 5.  To date, though plaintiff has not filed an amended complaint, she has
7  filed numerous other documents elaborating on her claims against the various defendants.  See
8  Dkt. ## 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 28, 29, 30.

Meanwhile, the Safeway Defendants filed the motion now before the Court, categorizing plaintiff's complaint as an attempt at removal and asking the Court to remand the case to King County Superior Court, or in the alternative to dismiss the case with prejudice.  Dkt. # 8.  Citing plaintiff's history of filing frivolous claims and appeals in Washington state courts and the volume of filings in this case, the Safeway Defendants ask the Court to award attorney's fees and to enjoin plaintiff from filing any further actions against the Safeway Defendants without prior approval of the Court.  Dkt. # 8 at 10.

Though it does appear that plaintiff intended to "remove" her state case to federal district court, see Dkt. # 24, as plaintiff in that case, she lacked the power to do so.  See 28 U.S.C. § 1441(a) (providing that a civil action brought in a state court may be removed "by the defendant or the defendants").  Plaintiff initiated a new case in federal court by filing her complaint here, see Dkt. # 1, and this Court lacks the authority to remand a case that originated in federal court.  See 28 U.S.C. § 1447.  Accordingly, the Court declines the Safeway Defendants' invitation to remand.

Instead, the Court concludes that plaintiff's claims against the Safeway Defendants should be dismissed with prejudice for lack of subject-matter jurisdiction.  When filing this case in federal court, plaintiff asserted federal diversity jurisdiction under 28 U.S.C. § 1332(a).  See Dkt. # 1-1.  As plaintiff's claims against the Safeway Defendants are all state-law claims, this is

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 2

the only jurisdictional ground available to her. For this Court to exercise diversity jurisdiction, however, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States"). The Safeway Defendants assert, and plaintiff does not dispute, that complete diversity does not exist between plaintiff and the Safeway Defendants. See Dkt. # 1-1. Neither does the Court have jurisdiction over plaintiff's claims against her former attorney, Matthew Bean. Id. Accordingly, this Court lacks jurisdiction over the claims against the Safeway Defendants and Mr. Bean, and they must be dismissed with prejudice.

Plaintiff's claims against the Washington state supreme court clerks are dismissed without prejudice. While plaintiff's complaint fails to allege facts supporting a plausible Constitutional claim against those individuals, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), this Court would have federal question jurisdiction over those claims were they sufficiently pled. See 28 U.S.C. § 1331. Accordingly, those claims are dismissed without prejudice.

The Court declines to award the Safeway Defendants their attorney's fees and costs. Because the Court declines to treat plaintiff's complaint as a removal, fees under 28 U.S.C. § 1447(c) are not appropriate. Neither will the Court enjoin plaintiff from filing further actions against the Safeway Defendants without a showing of merit. While plaintiff's filings in this case are certainly plentiful, they do not warrant an order limiting plaintiff's access to this federal forum at this time.

For the foregoing reasons, defendants' motion (Dkt. # 8) is DENIED in part and GRANTED in part. Plaintiff's claims against defendants Safeway Inc., Mike Lagrange, Sue Bonnett, Ken Barnes, Daniel P. Hurley, and Matthew Bean are dismissed with prejudice. Plaintiff's other claims are dismissed without prejudice. The Court's order to show cause (Dkt.

# 6) is hereby VACATED.  Plaintiff's "motion to strike affirmative defense" (Dkt. # 15), motion to add defendants (Dkt. # 22), and second motion to strike (Dkt. # 24) are DENIED as moot. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants Safeway Inc., Mike Lagrange, Sue Bonnett, Ken Barnes, Daniel P. Hurley, and Matthew Bean.

SO ORDERED this 15th day of May, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge